UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MUSTAFA REDZIC, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:11CV00133 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Mustafa Redzic's Motion for Bail Pending 28 U.S.C. § 2255 Motion. [ECF No. 2].

Movant was convicted of the federal criminal offenses of bribery, mail fraud, wire fraud, and conspiracy, and is currently serving his sentence in federal prison. *See United States v. Redzic*, 627 F.3d 683 (8th Cir. 2010). Movant has filed a Motion under 28 U.S.C. § 2255 to challenge his conviction and sentence. [ECF No. 1]. That Motion is currently pending before the Court. Movant also filed the instant Motion for Bail, seeking to be released from prison on bail pending the disposition of his § 2255 Motion. [ECF No. 2]. In support, Movant states that he satisfies the standards set forth in 18 U.S.C. § 3143(b), a statute that is entitled "Release or detention pending appeal by the defendant." The problem with Movant's reliance upon § 1343(b), however, is that it applies to defendants who are challenging their conviction or sentence on direct appeal. Movant's conviction and sentence have already been affirmed on direct appeal, *Redzic*, 627 F.3d 683, *cert. denied*, 131 S. Ct. 2126 (2011), and thus Movant now is challenging them by collateral attack under 28 U.S.C. § 2255.

Movant's misplaced reliance on § 3143(b) is not fatal, however, because "it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his [or her] application for a writ of habeas corpus." *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (alteration in original). The District Courts have an equivalent inherent power with respect to federal prisoners seeking relief under § 2255. *Alton v. United States*, 928 F.Supp. 885, 889 (E.D. Mo. 1996). The District Courts are to exercise this power only if a federal prisoner's § 2255 motion alleges "the existence of a substantial constitutional issue on which he is likely to prevail," and the presence of some "exceptional circumstances" that require his "immediate release in the interests of justice." *Id*. Accordingly, "[h]abeas petitioners are rarely granted release on bail pending disposition[.]" *Martin*, 801 F.2d at 329.

The substance of Movant's instant Motion for Bail is merely a recitation of the allegations he makes in support of his § 2255 Motion. These allegations do not amount to exceptional circumstances, because "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding." *Id*. at 330. Because Movant makes no additional allegations, Movant has failed to demonstrate that he is entitled to be released from prison on bail pending the disposition of his § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Mustafa Redzic's Motion for Bail Pending Motion Under 28 U.S.C. § 2255 [ECF No. 2] is **DENIED.**

Dated this 18th day of November, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE