UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MUSTAFA REDZIC, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 1:11-cv-00133 ERW |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on *pro se* Movant Mustafa Redzic's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 1. The United States filed a Response. ECF No. 6. Movant filed a Reply. ECF No. 9.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**[1]

Mustafa Redzic ("Movant") was the owner of Bosna Truck Driving School, a St. Louis, Missouri, commercial enterprise that trained students to operate commercial vehicles and assisted them in obtaining a Missouri commercial driver's license (CDL). Missouri law requires these students to successfully complete CDL testing administered by either a state-operated facility or a state-licensed private facility. Commercial Drivers Training Academy (CDTA) was a State-licensed private facility in Sikeston, Missouri, that administered CDL testing. Troy Parr supervised CDL testing at CDTA. Movant frequently referred Bosna students to CDTA, so that Parr could administer CDL testing to the students.

On June 21, 2007, Movant was indicted on four criminal counts: (1) bribery, in violation

---

[1] The criminal case that underlies Movant's instant § 2255 Motion can be found at *United States v. Redzic*, No. 1:07-cr-00110-ERW-1 (E.D. Mo.).

of 18 U.S.C. § 666(a)(2); (2) conspiracy, in violation of 18 U.S.C. § 371; (3) mail fraud, in violation of 18 U.S.C. § 1341; and (4) wire fraud, in violation of 18 U.S.C. § 1343.  In this Indictment, the United States alleged Parr had a practice of administering CDL "short tests" that did not meet the minimum CDL testing standards required by Missouri law.  Movant ensured his students would benefit from these short tests by making cash payments and offering other benefits to Parr.  In exchange, Parr submitted to the State by mail and wire transmission documentation falsely stating Movant's students had successfully completed CDL testing.  Movant retained counsel shortly after he was indicted and was represented by counsel throughout the remainder of the criminal proceedings against him.

At trial, the United States produced evidence showing that Movant made cash payments to Parr in excess of the fees charged by CDTA for CDL testing, and that Parr regularly administered short tests to Movant's students.  Movant's counsel entered several evidentiary stipulations, including one that stated, "a Commercial Driver's License is a matter worth in excess of $5,000."[2]  After a three-day trial, the jury found Movant guilty on each of the four counts charged.  The Court sentenced Movant to terms of 75 months for his convictions of bribery, mail fraud, and wire fraud, and to a term of 60 months for his conviction of conspiracy, all terms to run concurrently.

Movant appealed to the United States Court of Appeals for the Eighth Circuit.  *United States v. Redzic*, 569 F.3d 841 (2009).  Movant argued his mail and wire fraud convictions were

---

[2]*United States v. Redzic*, No. 1:07-cr-00110-ERW-1 (E.D. Mo.), ECF No. 151 at 171 (Movant's counsel reading the stipulation, marked as Government's Exhibit 1-4, to the jury); ECF No. 153 at 120 (instructing jury that stipulations are evidence); *id*. at 143-44 (United States arguing during closing argument that stipulation satisfies $5,000 element of bribery statute).

untenable under a deprivation of property theory, and that the United States had failed to indict and prosecute him for those crimes under a deprivation of honest services theory. *Id*. at 845; *see* 18 U.S.C. § 1346 (expanding reach of fraud statutes by defining "scheme or artifice to defraud" to encompass "a scheme or artifice to deprive another of the intangible right of honest services."). Movant also argued the United States failed to prove he had bribed a state agent. *Id*. at 849. The Eighth Circuit rejected these arguments and affirmed, specifically holding "that the indictment, the government's case at trial, and the jury instructions adequately laid out a scheme to defraud the State of Missouri of Parr's honest services." *Id*. at 850.

Movant petitioned for certiorari, and the United States Supreme Court vacated and remanded the case for reconsideration in light of *Skilling v. United States*, 130 S.Ct. 2896 (2010). *Redzic v. United States*, 130 S.Ct. 3543 (2010) (mem.). The Eighth Circuit again affirmed Movant's conviction, holding that his fraud convictions resulted from his "scheme to defraud the State of Missouri of Parr's honest services through a bribery scheme, the very type of offense upheld in the *Skilling* decision." *United Sates v. Redzic*, 627 F.3d 683, 693 (8th Cir. 2010). The Supreme Court denied further review. *Redzic v. United States*, 131 S.Ct. 2126 (2011) (mem.).

Movant has now filed *pro se* the instant Motion under 28 U.S.C. § 2255 to challenge his convictions. ECF No. 1.[3] Movant first alleges his conviction of bribery is the result of his trial and appellate counsel's ineffective assistance. Movant then alleges this tainted bribery conviction, in turn, caused him to be convicted of wire fraud, mail fraud, and conspiracy.

---

[3]Movant moved to be released on bail pending resolution of the instant Motion. ECF No. 2. The Court denied this motion. ECF No. 10.

## II.     LEGAL STANDARD: RELIEF UNDER 28 U.S.C. § 2255

By filing a motion under 28 U.S.C. § 2255, a federal prisoner may seek to "vacate, set aside or correct" a sentence imposed against him, on the ground that "the sentence was imposed in violation of the Constitution or the laws of the United States[.]"  28 U.S.C. § 2255(a).  Relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Section 2255 does not provide a means for a prisoner to relitigate the merits of the evidence presented against him at trial. *See Houser v. United States*, 508 F.2d 509, 513-14 (8th Cir. 1974) ("Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. 2255 does not give them the right to try over again the cases in which they have been adjudged guilty.").

Procedural default may limit the relief available to a § 2255 movant.  First, a movant cannot raise a claim that was previously raised and decided on direct appeal.  *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005).  Second, a movant cannot raise a non-constitutional or non-jurisdictional claim that could have been raised on direct appeal but was not.  *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994).  Third, a movant cannot raise a constitutional or jurisdictional claim that was not raised on direct appeal unless he "can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001).  However, a movant may raise a claim of ineffective assistance of counsel for the first time in a § 2255 motion, regardless of whether the claim could have been raised on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).

If a movant's claim is not procedurally barred, the Court must hold an evidentiary hearing

to consider it, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Thus, a movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996).  In contrast, a court may dismiss a movant's claim without an evidentiary hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

## III.  DISCUSSION

As discussed above, Movant alleges his trial counsel's ineffective assistance caused him to be convicted of bribery, and his appellate counsel's ineffective assistance caused that conviction to be affirmed on direct appeal.  Movant then alleges this tainted bribery conviction led him to also be convicted of wire fraud, mail fraud, and conspiracy.  The Court will consider each Movant's allegations, in turn.

### A.  Bribery

Movant alleges that with respect to his charge of bribery, both his trial and appellate counsel were ineffective.  To prevail on a claim of ineffective assistance, a movant must prove (1) counsel's performance was so deficient and riddled with errors that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) "counsel's deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  The first prong requires a movant to show that counsel's performance falls "below an objective standard of reasonableness."  *Id*. at 687-88.  To make this showing, a movant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance . . . considered sound trial strategy." *Id*. at 689.  The second prong requires a movant to demonstrate that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  The movant must establish both prongs of the *Strickland* test to prevail. *Id*. at 697; *see also Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test").  As a result, a movant "faces a heavy burden" when alleging ineffective assistance.  *DeRoo v. United States,* 223 F.3d 919, 925 (8th Cir. 2000).

Movant was convicted of bribery, in violation of 18 U.S.C. § 666(a)(2).  In pertinent part, this statute reads as follows:

> **(a)** Whoever, if the circumstance described in subsection (b) of this section exists–
> . . .
> **(2)** corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more; shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 666(a)(2).

For his first ground for relief, Movant alleges his counsel was ineffective for failing to challenge the Court's subject matter jurisdiction over his bribery charge.  Movant argues that because the object of his bribe, a Missouri CDL, does not qualify as "anything of value of $5,000 or more" within the meaning of § 666(a)(2), the Court did not have subject matter jurisdiction over his prosecution for violation of that statute.

Movant's allegation is without merit.  Movant confuses the Court's subject matter jurisdiction with the statutory elements of bribery set forth in § 666(a)(2).  Under 18 U.S.C. §

6

3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  Because Movant was charged with violating the federal bribery statute, 18 U.S.C. § 666(a)(2), the Court had subject matter jurisdiction over his prosecution.  *United States v. Sabri*, 326 F.3d 937, 939 n.3 (8th Cir. 2003).  In contrast, the requirement that the object of a bribe involve "anything of value of $5,000 or more" is merely one of the § 666(a)(2) statutory elements of bribery.  18 U.S.C. § 666(a)(2); *United States v. Baumann*, 684 F. Supp. 2d 1140, 1143 (D.S.D. 2009) (listing elements).  "If that element is not satisfied, then the defendant is not guilty; but the court is not by the failure of proof on that element deprived of judicial jurisdiction."  *United States v. Vong*, 171 F.3d 648, 654 n.8 (8th Cir. 1999) (alteration and citation omitted).  Accordingly, the Court had subject matter jurisdiction over Movant's prosecution for bribery without regard for whether a CDL qualifies as "anything of value of $5,000 or more."  The failure of Movant's trial counsel to challenge the Court's subject matter jurisdiction was not unreasonable and caused no prejudice.  Likewise, the failure of Movant's appellate counsel to raise this issue was not ineffective assistance.  *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

For his second ground for relief, Movant alleges his trial counsel was ineffective for stipulating that a CDL is "anything of value worth $5,000 or more."  Movant argues this stipulation was contrary to the Supreme Court's discussion of licenses in *Cleveland v. United States*, 531 U.S. 12 (2000).  Thus, Movant argues his counsel improperly stipulated to the construction and meaning of § 666(a)(2), which is a question of law only a court may decide.  Movant asserts his counsel's erroneous advice caused him to agree to the stipulation, depriving him of his right to jury trial as to this element of bribery.  Finally, Movant argues that but for his

7

counsel's stipulation, the United States would not have been able to prove this element.

Movant's argument is without merit.  First, his reliance on *Cleveland* is misplaced.  In *Cleveland*, the issue before the Supreme Court was "whether the federal mail fraud statute, 18 U.S.C. § 1341, reaches false statements made in an application for a state license."  531 U.S. at 15.  Section 1341 criminalizes, in pertinent part, devising "any scheme or artifice to defraud, or for obtaining money or *property*" by fraudulent means.  18 U.S.C. § 1341 (emphasis added).  *Cleveland* held "§ 1341 does not reach fraud in obtaining a state or municipal license[], for such a license is not 'property' in the government regulator's hands."  531 U.S. at 20.  That holding does not control here.  The stipulation Movant challenges did not concern either "property" or a charge of mail fraud.  Instead, counsel stipulated that "a Commercial Driver's License is a matter worth in excess of $5,000," which concerns Movant's charge of bribery under 18 U.S.C. § 666(a)(2).  Moreover, the term "property" does not appear in the language of § 666(a)(2).

Next, it is clear that a CDL falls within the purview of the bribery statue.  The statutory language of § 666(a)(2) is broad and inclusive, criminalizing payment of bribes to government agents in connection with "*anything* of value."  18 U.S.C. § 666(a)(2) (emphasis added).  A related statute, § 666(a)(1)(B), also contains broad and inclusive language, criminalizing solicitation and acceptance of bribes by government agents involving "*any thing* of value."  18 U.S.C. § 666(a)(1)(B) (emphasis added).  At the time of Movant's trial, numerous federal courts had interpreted the language of these statutes as reaching even intangible benefits.  *United States v. Zimmermann*, 509 F.3d 920, 926–27 (8th Cir. 2007) (councilman's favorable recommendation to zoning committee); *United States v. Fernandes*, 272 F.3d 938, 944 (7th Cir. 2001) (prosecutor's expungement of convictions); *United States v. Marmolejo*, 89 F.3d 1185, 1191 (5th

8

Cir. 1996) (sheriff's permission for inmate to receive otherwise prohibited conjugal visits).

Under this body of law, there can be no doubt that § 666(a)(2) also reaches a scheme to fraudulently obtain CDLs. Therefore, the stipulation was not contrary to *Cleveland* and counsel did not stipulate to the construction or meaning of § 666(a)(2). Instead, counsel simply stipulated to an issue of fact: a CDL has a value of $5,000 or greater. *Christian Legal Soc'y Chapter of the Univ. of Cal., Hasting Coll. of the Law v. Martinez*, 130 S.Ct. 2971, 2983 (2010) (describing nature and consequence of factual stipulations). Because stipulating to an element of an offense waives a party's right to jury determination of that element, Movant has alleged no basis for finding he was deprived of his right to jury trial as to this statutory element of § 666(a)(2). *United States v. Poulack*, 236 F.3d 932, 938 (8th Cir. 2001).

Finally, on the facts of this case, it is clear that counsel was not ineffective for entering the stipulation. Counsel may stipulate to the elements of a criminal charge. *Lemon v. United States*, 335 F.3d 1095, 1096 (8th Cir. 2003). Such a stipulation is a matter of attorney trial strategy that the court must review with deference. *Id*. Section 666(a)(2) speaks of "a series of transactions," and the Eighth Circuit has held that multiple transactions which are part of a single scheme may be aggregated to satisfy the $5,000 statutory requirement. *United States v. Hines*, 541 F.3d 833, 837 (8th Cir. 2008). This $5,000 requirement is satisfied when the amount of the bribes paid exceeds $5,000. *Zimmerman*, 509 F.3d at 926. Here, the evidence presented at trial showed that "on multiple occasions [Movant] gave Parr cash payments of $50 to $200 in addition to the standard examination fee," that "[Movant] personally delivered a $2,500 cash payment to Parr," and that "[Movant] made at least two other cash payments to Parr in the amounts of $600 and $2,500." *Redzic*, 627 F.3d at 692. Thus, under even a conservative

9

estimate of the evidence presented at trial, the bribes Movant paid to Parr far exceeded $5,000. Furthermore, the United States introduced evidence showing Movant bribed Parr to ensure his students received CDLs, and to gain assistance in securing state certification for Movant's business – a benefit potentially worth $1 million.  *Id*. at 686.  The value of these benefits exceeds $5,000 by any measure.  *Zimmerman*, 509 F.3d at 926-27.  In light of this evidence, the stipulation entered by Movant's counsel was neither unreasonable nor prejudicial.  Movant's claim will be denied.

## B.  Mail Fraud, Wire Fraud, and Conspiracy

Next, Movant seeks to vacate his convictions of honest services mail fraud, honest services wire fraud, and conspiracy.  Movant first challenges his fraud convictions, alleging they must be vacated because *Skilling* limited prosecution under the honest services fraud statute to "fraudulent schemes to deprive another of honest services through bribes or kickbacks[.]" 130 S.Ct. 2896, 2907.  Movant argues his fraud convictions must be vacated, because the jury instructions did not reflect this law and because they are dependent upon his bribery conviction.

The federal mail fraud statute, 18 U.S.C. § 1341, criminalizes use of the mails in furtherance of any "scheme or artifice to defraud[.]"  The federal wire fraud statute, 18 U.S.C. § 1343, criminalizes use of wire transmissions to achieve the same ends.  The reach of these statutes is expanded by 18 U.S.C. § 1346, which defines "scheme or artifice to defraud" as including "a scheme or artifice to deprive another of the intangible right of honest services."  But this section "does not create a separate substantive offense; it merely defines a term contained in §§ 1341 and 1343."  *Redzic*, 627 F.3d at 688.  Movant has already argued on direct appeal to the Eighth Circuit that the jury instructions given at his trial were erroneous in light of *Skilling*.  The

10

Eighth Circuit rejected this argument, stating the jury instructions given "correctly laid out the four elements of mail [and wire] fraud." *Id*. at 689-90, 690 n.4. Because Movant has previously raised this claim on direct appeal, it is procedurally defaulted and Movant cannot raise it again here. In addition, the Eighth Circuit has also held the evidence at trial and the instructions to the jury were each "sufficient to support a conviction for the fraudulent deprivation of honest services through a bribery scheme in violation of §§ 1341 and 1343, which falls squarely within even the recently narrowed parameters of § 1346." *Id*. at 691 (quotation omitted). Therefore, it is clear that Movant's challenge to his fraud convictions in light of *Skilling* are without merit. *See United States v. Spellissy*, 438 F.App'x 780 (11th Cir. 2011) (rejecting similar argument in denying petition for post-conviction relief from honest services wire fraud conviction); *United States v. Siegelman*, 640 F3d 1159 (11th Cir. 2011) (reject similar argument in affirming conviction of honest services mail fraud and conspiracy). Movant's challenges to his mail and wire fraud convictions will be denied.

Finally, Movant challenges his conspiracy conviction. On this ground for relief, the ruling of the Eighth Circuit on direct appeal is instructive:

> [Movant] seeks to overturn his conspiracy conviction based on the ground that each of the substantive charges against him was legally insufficient. Having determined that [Movant] was properly convicted on each of the underlying substantive offenses, we find no defect in his related conviction for conspiring with Parr under 18 U.S.C. § 371[.]

*Redzic*, 627 F.3d at 692-93. As discussed above, Movant has alleged no basis for vacating his bribery, mail fraud, and wire fraud convictions. Accordingly, Movant's challenge to his conspiracy conviction will also be denied.

11

**IV.       RIGHT TO EVIDENTIARY HEARING**

Under 28 U.S.C. § 2255(b), the Court must hold an evidentiary hearing to consider the claims presented in a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) ("No hearing is necessary, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotations and citation omitted). The Court concludes that Movant's claims can be conclusively determined based upon his Motion, and the files and records of the case.  Therefore, no evidentiary hearing will be held.

**V.       CERTIFICATE OF APPEALABILITY**

To be entitled to a Certificate of Appealability, a § 2255 movant must make "a substantial showing of the denial of a federal constitutional right."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Id*. The Court finds that Movant has not met this standard, and thus the Court will not issue a Certificate of Appealability for any claim for relief raised in his § 2255 Motion.

## VI. CONCLUSION

As set forth herein, Movant's claims are without merit and he is not entitled to relief under 28 U.S.C. § 2255.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Mustafa Redzic's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1, is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim for relief raised in Movant's Motion.

Dated this 13th day of February, 2012.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES SENIOR DISTRICT JUDGE